[No. C064558. Third Dist. Jan. 13, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN DYSER, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II through V.

**COUNSEL**

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Peter W. Thompson, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

MAURO, J.—Defendant Stephen Dyser was convicted of first degree robbery, first degree burglary, assault with intent to commit rape, assault with intent to commit rape during the commission of first degree burglary, assault with a deadly weapon (a knife) or by means of force likely to produce great bodily injury, and false imprisonment. He was sentenced to prison for a determinate term of seven years and a consecutive indeterminate term of seven years to life.

Defendant contends on appeal that (1) his convictions for first degree burglary and assault with intent to commit rape must be dismissed as lesser included offenses of assault with intent to commit rape during the commission of first degree burglary; (2) his convictions for assault with intent to commit rape and assault with intent to commit rape during the commission of first degree burglary are not supported by sufficient evidence of intent to commit rape or sodomy; (3) the trial court abused its discretion and violated defendant's due process rights when it admitted evidence of defendant's prior conviction for lewd touching of a child; (4) his trial counsel rendered ineffective assistance by failing to object when the trial court did not state reasons for imposing consecutive sentences on the convictions for first degree robbery and assault with intent to commit rape during the commission of first degree burglary; and (5) the abstract of judgment must be corrected to reflect a prison sentence of life with the possibility of parole, rather than seven years to life, for assault with intent to commit rape during the commission of first degree burglary.

In the published portion of this opinion, we conclude (1) under the statutory elements test, first degree burglary and assault with intent to commit rape are both lesser included offenses of assault with intent to commit rape during the commission of first degree burglary. And in the unpublished portion of this opinion, we conclude (2) there was sufficient evidence of intent to commit rape because the jury could have inferred such intent from the fact that defendant straddled the victim's hips in her bed, held a knife to her throat, tried to turn her over, and told her he was not playing; (3) the trial court did not abuse its discretion or violate defendant's due process rights when it admitted evidence of defendant's prior conviction for lewd touching of a child, because the prior conviction had a direct connection to the issues in this case and the trial court's finding that the evidence was more probative

than prejudicial was not arbitrary, capricious or absurd; (4) trial counsel did not render ineffective assistance in failing to object to consecutive sentences, because it is not reasonably probable that defendant would have fared any better had his trial counsel objected, and thus any deficiency by trial counsel could not have been prejudicial; and (5) the abstract of judgment must be changed to reflect a sentence of life with the possibility of parole.

We will modify the judgment.

## BACKGROUND

On August 18, 2009, around 2:00 a.m., the victim arrived home following a night out with a friend. She undressed completely, put on a T-shirt, and climbed into bed while conversing with the friend on her cellular telephone. After talking until almost 3:00 a.m., she fell asleep with a bedsheet draped across her hips.

Around 15 minutes later, the victim woke to a strong smell of cigarettes and found defendant straddling her hips.[1] Defendant had his hand and a knife across her throat. The victim was groggy and thought she might be dreaming. When she realized it was not a dream, she asked defendant who he was and what he was doing. She thought he would rape and possibly kill her.

Defendant tried to turn the victim over by pressing the knife blade against her shoulder, but she would not turn. She kept telling him, "no, no. Wait. What are you doing? Please don't do anything." In response, he told her to "shut up, to be quiet and to turn over." Trying to buy time, she told him, "Okay. Okay. Just wait. I have to sneeze." Defendant put the knife blade between her lips and told her to be quiet; then he put the knife blade back to her throat.

The victim took a deep breath and tried unsuccessfully to scream. After taking another deep breath, she screamed as loud as she could. She put her hand underneath the knife blade and tried to relieve its pressure against her throat. Defendant told her he wasn't "playing."

The victim screamed "Help me" and tried to push the knife blade away from her. Defendant jumped off of her. Her right hand had been cut by the

---

[1] Defendant concedes that his identity as the perpetrator is not at issue in this appeal.

knife. She kept screaming as he looked around the room. She moved toward the screen door of her residence hoping that someone would hear her yelling.

Defendant reached down by the victim's bed and repeatedly tried to grab her cell phone. Defendant succeeded on his third attempt. After grabbing the phone, he headed toward the door. The victim kept screaming. Defendant stopped, turned around, and hit the victim on the top of her head with the knife. She went to her stove, grabbed a small saucepan, and tried to hit him as he fled out the door. She continued to scream until she heard a neighbor say they had telephoned 9-1-1.

The victim's cell phone was the only item missing from her apartment.

A jury convicted defendant of first degree robbery (Pen. Code,[2] §§ 211, 212.5, subd. (a); count one), first degree burglary (§§ 459, 460, subd. (a); count two), assault with intent to commit rape (§ 220, former subd. (a), now subd. (a)(1); count three), assault with intent to commit rape during the commission of first degree burglary (§ 220, subd. (b); count four), assault with a deadly weapon (a knife) or by means of force likely to produce great bodily injury (§ 245, subd. (a)(1); count five), and false imprisonment (§ 236; count six). The jury found that defendant used a knife in the commission of counts one, two, three, five, and six.[3]

On the count one conviction for first degree robbery, the trial court sentenced defendant to prison for a determinate term of seven years (the upper term of six years plus one year for use of a deadly weapon). On the count four conviction for assault with intent to commit rape during the commission of first degree burglary, the trial court sentenced defendant to a consecutive indeterminate term of seven years to life in prison. The trial court also imposed sentences on the remaining counts and enhancements, but stayed them pursuant to section 654.[4]

---

[2] Undesignated statutory references are to the Penal Code.

[3] In counts one, two and six, the first amended information alleged that a principal was armed with a firearm. (§ 12022, subd. (a)(1).) The trial court amended the information by interlineation to allege section 12022, subdivision (b)(1), personal use of a deadly weapon. However, the trial court did not amend the typed phrase "armed with" to read "personally used." Defendant does not contend this failure to amend provided him insufficient notice or was otherwise prejudicial.

Count three alleged a knife use enhancement pursuant to section 12022.3, subdivision (a). Counts four and five did not include any enhancement. The count five verdict form mistakenly included a knife use enhancement and the jury found it true. However, the court did not impose (or impose and stay) the unpleaded enhancement.

[4] Defendant was awarded 204 days of custody credit and 30 days of conduct credit. The 2010 amendment to section 2933 does not entitle him to additional conduct credit because, among other things, he was ordered to register as a sex offender. (§ 2933, former subd. (e)(3).)

## DISCUSSION

### I

Defendant contends that his convictions for first degree burglary and assault with intent to commit rape are lesser included offenses of assault with intent to commit rape during the commission of first degree burglary. The Attorney General concedes this point only as to first degree burglary, but we agree with defendant as to both first degree burglary and assault with intent to commit rape.

■ In considering whether defendant may be convicted of multiple charged crimes, we apply the statutory elements test. (*People v. Reed* (2006) 38 Cal.4th 1224, 1231 [45 Cal.Rptr.3d 353, 137 P.3d 184].) Under that test, a lesser offense is necessarily included in a greater offense if the statutory elements of the greater offense " 'include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.' " (*People v. Breverman* (1998) 19 Cal.4th 142, 154, fn. 5 [77 Cal.Rptr.2d 870, 960 P.2d 1094], quoting *People v. Birks* (1998) 19 Cal.4th 108, 117 [77 Cal.Rptr.2d 848, 960 P.2d 1073].)

Accordingly, we begin by considering the statutory elements for each charged offense. For first degree burglary, section 459 provides in relevant part: "Every person who enters any house . . . with intent to commit . . . any felony is guilty of burglary." And section 460, subdivision (a) provides in relevant part: "Every burglary of an inhabited dwelling house . . . is burglary of the first degree."

For assault with intent to commit rape, section 220, subdivision (a)(1) provides in relevant part: "Except as provided in subdivision (b), any person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for two, four, or six years."

And for assault with intent to commit rape during the commission of first degree burglary, section 220, subdivision (b) provides in relevant part: "Any person who, in the commission of a burglary of the first degree, as defined in subdivision (a) of Section 460, assaults another with intent to commit rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for life with the possibility of parole."

■ The Attorney General acknowledges that assault with intent to commit rape during the commission of first degree burglary cannot be committed without also committing first degree burglary. We agree. Section 220, subdivision (b) expressly provides that the prohibited offense must be committed "in the commission of a burglary of the first degree, as defined in subdivision (a) of Section 460." Thus, first degree burglary is a lesser included offense of section 220, subdivision (b).

The Attorney General argues, however, that the same is not true for violations of section 220, subdivisions (a) and (b). The Attorney General notes that section 220, subdivision (a)(1) can be violated by assaulting another with intent to commit mayhem. Mayhem is not listed in section 220, subdivision (b). Seizing on this difference, the Attorney General argues that a violation of section 220, subdivision (a)(1) is only a lesser "related" offense.

■ But as we have explained, the applicable inquiry is whether the greater offense (§ 220, subd. (b)) can be committed without also committing the lesser offense (§ 220, subd. (a)(1)). (*People v. Breverman, supra,* 19 Cal.4th at p. 154, fn. 5.) The answer is no. All of the pertinent elements in subdivision (b) are also included in subdivision (a)(1). Thus, assault with intent to commit rape is a lesser included offense of assault with intent to commit rape during the commission of first degree burglary.

We will modify the judgment by dismissing counts two and three as lesser included offenses of count four.

II–V[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is modified to dismiss counts two and three as lesser included offenses of count four. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment omitting counts two and three and reflecting a term of life in prison with the

---

[*]See footnote, *ante,* page 1015.

possibility of parole on count four. The trial court shall forward a certified copy of the amended abstract of judgment to California's Department of Corrections and Rehabilitation.

Raye, P. J., and Butz, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 28, 2012, S200086.