Filed 5/9/13  P. v. Montiel CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEVIN MONTIEL,<br><br>    Defendant and Appellant. | G046514<br><br>(Super. Ct. No. 07SF1060)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Kevin Montiel received a prison term of life with the possibility of parole after being found guilty of violating Penal Code section 220, subdivision (b) (section 220(b); all further statutory references are to the this code) with the finding a non-accomplice was present (§ 667.5, subd. (c)(21)). Section 220(b) imposes a life term on anyone "who, in the commission of a burglary of the first degree, as defined in subdivision (a) of Section 460, assaults another with intent to commit rape . . . ." On appeal, defendant argues the trial court committed reversible error by not instructing the jury first degree burglary and assault with intent to commit rape are lesser included offenses of section 220(b). We agree the court so erred, but find the error harmless under the circumstances of this case. Therefore, we affirm the judgment.

FACTS

The victim lived with her teenage son in a first-floor apartment. On the night of the incident, she fell asleep with her bedroom window open and valuables in plain view. The victim awoke when she felt "someone pulling my top up my back." Turning around, she saw defendant.

She testified defendant said he had a gun and reached for his pocket. The victim began screaming and repeatedly kicked defendant. He fled out the bedroom window. The victim discovered the doors to her bedroom and that of her son had been closed and her door locked. None of her valuables had been disturbed.

The victim had a history of drug use and, although she denied it, the defense presented evidence suggesting she was involved in selling drugs.

Defendant testified he entered the apartment through the victim's bedroom window at the behest of a person nicknamed "Krueger," to steal a purportedly large stash of drugs Krueger claimed she possessed. As he climbed through the window, defendant

2

stumbled and awakened the victim. He claimed the victim literally kicked him out the window. He denied having a gun, touching her, or shutting doors in the apartment.

DISCUSSION

*1. Background*

The court used CALCRIM No. 890 to instruct the jury on the elements of section 220(b). In part the instruction states, "6. [w]hen the defendant acted, he was committing a first degree burglary." It also instructed on first degree burglary using CALCRIM Nos. 1700 and 1701, explaining that, to find defendant committed the crime the jury must find "[t]he defendant entered a[n inhabited house or a room within an inhabited house] . . . and [¶] 2. [w]hen he . . . [did so], he intended to commit rape." The only lesser included offense instruction given was for simple assault.

After an hour and a half of deliberating, the jury submitted the following question to the court: "Does 'intent' have to be premeditated before [defendant] entered the apartment? Or can 'intent' begin after he was already in the bedroom?" The court conferred with counsel and then responded: "The defendant must have the specific intent to commit rape when he entered the apartment. [¶] Please see CALCRIM [No.] 890 (Element # 6) and CALCRIM [No.] 1700 (Element # 2)."

Deliberations continued into a second day. The jury then sent the court "a follow-up . . . question": "If [defendant] entered the apartment with the intent to steal or rob, and subsequently decides to rape [the victim], is there or is there not intent to rape?" Again, the court discussed the question with counsel and provided this response: "To be found guilty of PC 220(b), the People must prove beyond a reasonable doubt that the defendant had the specific intent to rape at the time he entered [the victim's] apartment."

The next day, the jury sent the court a third question concerning the elements of the charged crime: "The defendant is officially charged with assault with

intent to commit rape DURING [the] commission of First Degree Burglary. [¶] CALCRIM [No.] 890 says he is charged with ASSAULT WITH INTENT TO COMMIT RAPE WHILE COMMITTING FIRST DEGREE BURGLARY. [¶] We are close to reaching a verdict on these charges as written. What we are struggling with and can't get past is your answers to our first two questions, which seem to require that the defendant have the intent to commit rape BEFORE he entered the apartment. [¶] Some of us believe he had the intent to rape [the victim] BEFORE entering. Others . . . believe that it's reasonable to assume he may have entered to rob [the victim], and out of frustration, or anger, or just because the opportunity presented itself, he decided to rape [the victim] WHILE or DURING the commission of the burglary. In both cases, we believe his actions were the beginning of the rape process. [¶] Are we misinterpreting either the official charge, or CALCRIM [No.] 890, or your answers to our first two questions? Can you provide us with any guidance on how to proceed?" After a further conference with counsel, the court provided the following response: "The People must prove Beyond a Reasonable Doubt that the defendant had the specific intent to commit rape when he entered the apartment, not after he entered the apartment."

Later that afternoon, the jury returned its verdict and finding.

*2. Analysis*

Citing the recent decision in *People v. Dyser* (2012) 202 Cal.App.4th 1015 and claiming his "intent was the critical issue at trial," defendant argues the trial court's failure to instruct the jury that first degree burglary and assault with the intent to commit rape are lesser included offenses of section 220(b) requires reversal of his conviction. While we agree the trial court erred in instructing the jury, the error was harmless.

Under its general duty to instruct the jury on all relevant legal principles, even without a specific request, a trial court must instruct on uncharged lesser included

4

offenses if the evidence is sufficient to allow a jury to reasonably conclude the defendant only committed the lesser crime. (*People v. Wyatt* (2012) 55 Cal.4th 694, 698; *People v. Barton* (1995) 12 Cal.4th 186, 194-195.) The courts have applied two tests to determine whether an uncharged crime is a lesser included offense. (*People v. Bailey* (2012) 54 Cal.4th 740, 748.) "The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater. [Citation.]" (*Ibid.*) The accusatory pleading test applies where "the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense. [Citations.]" (*Ibid.*)

The amended information charged defendant with violating section 220(b) in the language of the statute. But in *People v. Dyser, supra,* 202 Cal.App.4th 1015, the Court of Appeal held that under the elements test both first degree burglary and assault with the intent to commit rape constitute lesser included offenses of section 220(b). (*People v. Dyser, supra,* 202 Cal.App.4th at pp. 1020-1021.)

To its credit, the jury realized the problem with the instructions as given. Nonetheless, the court repeatedly instructed the jury that the intent to commit a rape must exist when the defendant entered the victim's apartment. In doing so, it erred.

"'When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature. [Citation.] If the language is unambiguous, the plain meaning controls.' [Citation.]" (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131.) A violation of section 220(b) occurs where "[a]ny person who, in the commission of a burglary of the first degree, as defined in subdivision (a) of Section 460, assaults another with intent to commit rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 . . . ." Section 460, subdivision (a) defines first degree burglary as "[e]very burglary of an inhabited dwelling house . . . or the inhabited portion of any other building." In turn, a person commits the crime of burglary when he

5

or she "enters any house, room, [or] apartment . . . with intent to commit grand or petit larceny or any felony . . . ." (§ 459; see *People v. Dyser, supra,* 202 Cal.App.4th at p. 1020 ["'Every burglary of an inhabited dwelling house . . . is burglary of the first degree'"].) Section 220, subdivision (a)(1) declares the crime of assault with the intent to commit rape occurs where a "person . . . assaults another with intent to commit . . . rape . . . ." Consequently, "assault with intent to commit rape is a lesser included offense of assault with intent to commit rape during the commission of first degree burglary," because "[a]ll of the pertinent elements in [section 220,] subdivision (b) are also included in [section 220,] subdivision (a)(1)." (*People v. Dyser, supra,* 202 Cal.App.4th at p. 1021.)

Further, the evidence supported giving instructions on these lesser crimes. "'"[I]nstructions on a lesser included offense . . . are required whenever evidence that the defendant is guilty only of the lesser offense is 'substantial enough to merit consideration' by the jury. [Citations.]"' [Citations.]" (*People v. Wyatt, supra,* 55 Cal.4th at p. 698.) The Attorney General disputes the sufficiency of the evidence to support instruction on first degree burglary, claiming it is supported only by defendant's "self-serving testimony . . . ." Maybe so, but "[i]n this regard, the testimony of a single witness, including that of a defendant, may suffice to require lesser included offense instructions. [Citation.] Courts must assess sufficiency of the evidence without evaluating the credibility of witnesses, for that is a task reserved for the jury. [Citation.]" (*Ibid.*) Defendant acknowledged entering the victim's apartment, but testified he did so to steal the drug supply she purportedly possessed. He further denied ever touching her, much less doing so with an intent to rape her.

The Attorney General acknowledges it is not necessary for a defendant to form the intent to commit rape before entering the victim's dwelling, noting the trial court so instructed the jury in this case "because the prosecution's theory was that

6

[defendant] entered the apartment with the intent to rape, not to rob . . . ." But "neither the prosecution nor the defense should be allowed, based on their trial strategy, to preclude the jury from considering guilt of a lesser offense included in the crime charged. To permit this would force the jury to make an 'all or nothing' choice between conviction of the crime charged or complete acquittal, thereby denying the jury the opportunity to decide whether the defendant is guilty of a lesser included offense established by the evidence." (*People v. Barton, supra,* 12 Cal.4th at p. 196, fn. omitted.)

However, "[t]he failure to instruct on a lesser included offense in a noncapital case does not require reversal 'unless an examination of the entire record establishes a reasonable probability that the error affected the outcome.' [Citations.]" (*People v. Wyatt, supra,* 55 Cal.4th at p. 698; see also *People v. Breverman* (1998) 19 Cal.4th 142, 178.) The record here clearly reflects there is no reasonable probability that, absent the instructional error, defendant would have achieved a more favorable result.

To justify finding defendant guilty of only the lesser crime of first degree burglary, the jury would have had to believe defendant's claim he never touched the victim or conclude he had no intent to commit a sexual assault. But it is clear the jury had no problem finding defendant did assault the victim with the intent to commit rape. First, the jury was provided the opportunity to convict him of the lesser crime of simple assault. Second, not only did it reject that alternative, the jury's questions on the elements of section 220(b) clearly reflect it believed defendant assaulted the victim with the intent to rape her. The jury's primary, if not sole, difficulty with the evidence concerned when he formed that intent; before he entered the apartment or after making entry. In either circumstance, he would still be guilty of violating that statute. Thus, defendant has failed to show a reasonable probability of a different result.

DISPOSITION


The judgment is affirmed.



                                    RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.