Filed 10/13/15  P. v. DeLeon-Mendez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ESWIN SAMUEL DELEON-MENDEZ,<br><br>    Defendant and Appellant. | G050105<br><br>(Super. Ct. No. 12NF2321)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed as modified with directions.

Thomas E. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Eswin Samuel Deleon-Mendez (DeLeon) of assault with intent to commit rape during a first degree burglary (Pen. Code, § 220, subd. (b); count 1; all statutory citations are to the Penal Code unless noted), first degree robbery (§§ 211, 212.5, subd. (a); count 2), first degree residential burglary (§§ 459, 460, subd. (a); count 3), and dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 4). As to the first three counts, the jury found DeLeon personally used a knife (§ 12022, subd. (b)(1)).

DeLeon contends, and the Attorney General concedes, the trial court erred by imposing an indeterminate term of seven years to life for assault with intent to commit rape (count 1), erred by imposing a six-year term for first degree robbery (count 2), erred by sustaining DeLeon's burglary conviction (count 3) (a necessarily lesser included offense of assault with intent to commit rape (count 1)), and erred by ordering AIDS testing. We accept the concessions, modify the judgment, and direct the trial court to prepare an amended abstract of judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On the morning of July 13, 2012, DeLeon was drinking and smoking marijuana with two friends, Jorge and Carlos. DeLeon, Jorge and Carlos made a plan to "scare" J.J., another resident in the housing complex where they resided. The three young men put tape over their hands, covered their faces with shirts, and walked to J.J.'s apartment. Ultimately, DeLeon entered the apartment by himself.

J.J. returned to the apartment about 6:30 a.m. after spending the night at a friend's house. Upon entering her bedroom she noticed some of her clothes were out of place, and moved toward the closet to see if anything was missing. Suddenly, DeLeon dashed out of the closet with his face covered. He covered J.J.'s mouth with his hand, held a knife to her back, and asked where she kept her money. J.J. gave DeLeon $40 from her wallet. DeLeon searched J.J.'s backpack and removed her laptop.

2

DeLeon bound J.J.'s hands and feet and pushed her onto the bed. He climbed on top of her, knife in hand, and asked if she wanted to have sex. When she refused, DeLeon asked if she wanted to have sex or die. J.J. said she would rather die and warned she had a sexually transmitted disease. DeLeon put the knife down, tried to take off J.J.'s coat, unfastened her belt, and unzipped her pants. DeLeon made "sexual movements" on her, but discontinued the assault.

DeLeon got off J.J. and asked her again for money, but she replied she already had given him all her money. She then complied with his demand to write down her laptop password. DeLeon asked if her cell phone was important to her and left it with her when J.J. said it was.

As he left, DeLeon told J.J. he did not mean to harm her, but threatened to kill her if she called the police. He then put J.J. in the closet and ordered her to stay there for at least five minutes. J.J. complied, and DeLeon left. J.J. later called the police.

Following trial in April 2013, a jury convicted DeLeon as noted above. In April 2014, the trial court imposed sentence, as more fully explained below.

II

DISCUSSION

The trial court imposed an indeterminate prison term of seven years to life for assault with intent to commit rape during the commission of a first degree burglary (count 1), a concurrent six-year middle term for first degree robbery (count 2), and a concurrent three-year middle term for dissuading a witness (count 4). The court stayed (§ 654) a term for burglary (count 3), stayed the knife enhancement for count 3, and struck the other two knife enhancements. The court ordered DeLeon to complete AIDS testing and education.

DeLeon and the Attorney General are in near complete agreement concerning the resolution of the issues in this appeal. DeLeon contends the trial court imposed three unauthorized terms and he suffered one unauthorized conviction.

3

Although trial counsel did not object at sentencing, we may nonetheless reach the sentencing issues because a challenge to an unauthorized sentence "may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court." (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6; *People v. Robertson* (2012) 208 Cal.App.4th 965, 995.) A sentence is "generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 [appellate courts intervene because error is clear and correctable independent of any factual issues presented by the record at sentencing]; *People v. Welch* (1993) 5 Cal.4th 228, 235.) Similarly, the validity of DeLeon's first degree burglary conviction as a lesser included offense may be raised for the first time because it represents a purely legal question affecting substantial rights. (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1220, fn. 24; *People v. Ramirez* (2009) 45 Cal.4th 980, 983, fn. 3.)

A.    *The Trial Court Erred by Imposing a Term of Seven Years to Life for Assault with Intent to Commit Rape During a Burglary*

DeLeon also argues, and the Attorney General concedes, the trial court erred by imposing an indeterminate term of seven years to life for assault with intent to commit rape during a burglary. We accept the concession. Section 220, subdivision (b), specifies the punishment for a violation as "life with the possibility of parole." (§ 220, subd. (b).) The minimum term specified in section 3046 ("No prisoner imprisoned under a life sentence may be paroled until he or she has served the greater of the following: (1) A term of at least seven calendar years") is not a component of the sentence. We therefore must modify the judgment and direct the court to prepare an amended abstract of judgment.

B.    *The Trial Court Erred by Imposing a Six-Year Term for First Degree Robbery*

DeLeon contends, and the Attorney General concedes, the trial court erred by imposing a six-year term for first degree robbery. We agree the trial court erred. The

court declared DeLeon would receive a "midterm . . . which is 6 years." First degree robbery, however, is punishable by three, four, or six years. (§ 213, subd. (a)(1)(B).)[1] The parties note the only circumstance consistent with the judge's pronouncement is where the defendant acts "in concert with two or more other persons" (§ 213, subd. (a)(1)(A)), but DeLeon was not charged with "acting in concert."

The Attorney General suggests the trial court "conceivably" intended to sentence DeLeon to the upper term, but mistakenly identified its choice as a "midterm" sentence. To remedy this issue, the Attorney General asks us to remand the matter to the trial court for resentencing. We decline the invitation because we are persuaded the trial court intended to select the middle term. The sentencing pronouncement followed a lengthy discussion highlighting various mitigating circumstances. In mitigation, the court found, among other factors, DeLeon had no criminal record, "not even a hint of violence," the incident "indicate[d] a single period of aberrant behavior," and DeLeon showed sincere remorse. The court did not find aggravating factors, which would have supported the imposition of an aggravated term. We will therefore modify the judgment (§ 1260) to impose the middle term of four years.

C.    *The First Degree Burglary Conviction Must Be Reversed Because It Is a Lesser and Necessarily Included Offense of Assault with Intent to Commit Rape During Commission of a Burglary*

DeLeon contends, and the Attorney General concedes, the trial court should have dismissed the burglary count because it was a lesser and necessarily included offense of assault with intent to commit rape during the commission of a burglary. (§ 220, subd. (b).) We agree the court erred. It is well-settled that multiple convictions may not be based on necessarily included offenses. (*People v. Reed* (2006) 38 Cal.4th

---

[1]    The court may have relied on the District Attorney's sentencing memorandum, which incorrectly listed the statutory sentencing triad as three, six and nine years.

1224, 1227-1228; *People v. Pearson* (1986) 42 Cal.3d 351, 355 (*Pearson*).) "'If the evidence supports the verdict as to a greater offense, the conviction of that offense is controlling, and the conviction of the lesser offense must be reversed.'" (*Pearson*, *supra*, at p. 355, quoting *People v. Moran* (1970) 1 Cal.3d 755, 763.) In *People v. Dyser* (2012) 202 Cal.App.4th 1015 (*Dyser*), the court determined "assault with intent to commit rape during the commission of first degree burglary cannot be committed without also committing first degree burglary." (*Id.* at p. 1021.) Accordingly, first degree burglary is a lesser included offense of section 220, subdivision (b), and the lesser included offense must be reversed. (*Dyser,* at p. 1021.)

D.    *The Trial Court Erred by Ordering AIDS Testing*

Finally, DeLeon asserts, and the Attorney General concedes, the trial court erred by ordering him to undergo acquired immune deficiency syndrome (AIDS) testing. We agree. Preliminarily, DeLeon did not forfeit the claim despite trial counsel's failure to object to the testing order. (*People v. Butler* (2003) 31 Cal.4th 1119, 1126 (*Butler*).) On the merits, involuntary AIDS testing "'"is strictly limited by statute."'" (*Butler*, *supra,* at p. 1128; Health & Saf. Code, § 120990, subd. (a) [prohibiting involuntary AIDS testing].) The trial court must order AIDS testing for anyone convicted of a sex crime as defined by section 1202.1, subdivision (e)[2], and may order it in various other

---

[2]    Subdivision (e), provides, in part that "'sexual offense" includes any of the following:  [¶] (1) Rape in violation of Section 261 or 264.1.  [¶] (2) Unlawful intercourse with a person under 18 years of age in violation of Section 261.5 or 266c.  [¶] (3) Rape of a spouse in violation of Section 262 or 264.1.  [¶] (4) Sodomy in violation of Section 266c or 286.  [¶] (5) Oral copulation in violation of Section 266c or 288a.  [¶] (6)(A) Any of the following offenses if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim:  [¶] (i) Sexual penetration in violation of Section 264.1, 266c, or 289.  [¶] (ii) Aggravated sexual assault of a child in violation of Section 269.  [¶] (iii) Lewd or lascivious conduct with a child in violation of Section 288. [¶]  (iv) Continuous sexual abuse of a child in violation of Section 288.5. [¶] (v) The attempt to commit any offense described in clauses (i) to (iv), inclusive." (§ 1202.1, subd. (e).)

circumstances. DeLeon was not convicted of any of the qualifying offenses listed in subdivision (e), and none of the other circumstances apply. We will modify the judgment to strike the AIDS testing order.

## III

### DISPOSITION

The judgment is hereby modified (§ 1260) as follows: The term imposed for assault with intent to commit rape during a first degree burglary (§ 220, subd. (b); count 1) is life with the possibility of parole; the term for first degree robbery (§§ 211, 212.5, subd. (a); count 2) is four years; the first degree burglary conviction is reversed (count 3); the AIDS testing order is stricken. The trial court is directed to correct its minutes to reflect the modifications, and to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

7