Filed 6/10/24  P. v. Stevens CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAMAR STEVENS,<br><br>    Defendant and Appellant. | A166396<br><br>(San Mateo County<br>Super. Ct. No. 17SF010188A) |

**MEMORANDUM OPINION[1]**

In October 2021, a jury found defendant Lamar Stevens guilty of assault with intent to commit a specified sex offense during the commission of a first degree burglary (Pen. Code, § 220, subd. (b),[2] counts 1, 3, 5, 7, and 9); forcible oral copulation (former § 288a, subd. (c)(2)(A), counts 2, 4, and 10); attempted forcible sodomy (§§ 664/286, subd. (c)(2)(A), count 6); forcible sodomy (§ 286, subd. (c)(2)(A), count 8); sexual battery (§ 243.4, subd. (d), count 11); first degree burglary (§ 460, subd. (a), count 12); first degree

---

[1]    We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

1

robbery (§ 212.5, count 13); and grand theft (§ 487, subd. (a), count 14).  The jury found true allegations under the "One Strike Law" (§ 667.61, subds. (a) and (b)) as to counts 2, 4, 8, and 10; weapons enhancements (§ 12022.3, subd. (a)) as to counts 1 through 10; and knife use enhancements (§ 12022, subd. (b)(1)) as to counts 11 through 13.  In a bifurcated court trial, the court found defendant had "strike" priors and prior serious felony convictions.  The court sentenced defendant to 325 years to life in prison, plus a four-year determinate term.

On appeal, defendant raises one issue.  He contends his conviction for first degree burglary (count 12) should be reversed, because that crime is a lesser included offense of assault with intent to commit a specified sex offense during the commission of a first degree burglary (§ 220, subd. (b)), of which he was also convicted (counts 1, 3, 5, 7, and 9).  The People concede the issue.  We accept that concession.

"In California, a single act or course of conduct can lead to convictions 'of any number of the offenses charged.'  (§ 954 . . . .)  However, a judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses."  (*People v. Ramirez* (2009) 45 Cal.4th 980, 984.)  When a case "involves the conviction of multiple alternative charged offenses," we apply the "elements" test to determine whether one offense is necessarily included in another.  (*Id.* at pp. 984–985, italics omitted.)  Under the elements test, "[w]e inquire whether all the statutory elements of the lesser offense are included within those of the greater offense.  In other words, if a crime cannot be committed without also committing a lesser offense, the latter is a necessarily included offense."  (*Id.* at p. 985.)

Section 220, subdivision (b), provides: "Any person who, in the commission of a burglary of the first degree, as defined in subdivision (a) of

2

Section 460, assaults another with intent to commit rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for life with the possibility of parole." Thus, the plain language of the statute encompasses the crime of first degree burglary, and under the statutory elements test, first degree burglary is a lesser included offense in assault with intent to commit a specified sex offense during the commission of a first degree burglary under section 220, subdivision (b). (*People v. Dyser* (2012) 202 Cal.App.4th 1015, 1017, 1021 (*Dyser*).)

This conclusion is reinforced by the instructions given in this case, which informed the jurors of the elements of first degree burglary and then separately informed them that the commission of a first degree burglary is one of the elements of the offense of assault with intent to commit a specified sex crime while committing first degree burglary. (CALCRIM No. 890.)

Having concluded that first degree burglary is a lesser included offense of section 220, subdivision (b), we will modify the judgment to dismiss count 12. (See, e.g., *Dyser*, *supra*, 202 Cal.App.4th at p. 1021.)

## DISPOSITION

The judgment is modified to dismiss count 12, the crime of first degree burglary. The trial court is directed to prepare and forward a certified copy of the amended abstract of judgment to California's Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____
Fujisaki, Acting P.J.

WE CONCUR:


_____
Petrou, J.


_____
Rodríguez, J.


*People v. Stevens* (A166396)