Filed 9/24/25  P. v. Beamon CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY MONTRELL BEAMON,<br><br>    Defendant and Appellant. | D083333<br><br><br>(Super. Ct. No. SCD2815178) |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Monique Myers, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Anthony Montrell Beamon guilty of four counts of first degree burglary (Pen. Code,[1] §§ 459, 460, subd. (a)) and one count of simple assault (§ 240). Beamon was sentenced to a prison term of nine years four months.

Beamon makes two contentions on appeal. First, he argues that, pursuant to section 654, the trial court should have stayed the punishment for either the burglary in count 1 or for the simple assault that occurred during that burglary. Second, he contends that, as to the burglary in count 1, insufficient evidence supports a finding that he entered the victim's apartment with the intent to commit theft or a felony.

We conclude that Beamon's arguments lack merit, and we accordingly affirm the judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The jury was asked to deliver verdicts on four counts that arose from four different residential burglaries. The issues in this appeal arise from one of those residential burglaries, for which Beamon was found guilty in count 1. We accordingly focus our factual discussion on that residential burglary, but we also briefly describe the facts of the others.

The residential burglary in count 1 occurred in the early morning hours of March 16, 2020. At the time, V. was in bed in her apartment. Her doors were locked, but her living room window had been left open a few inches. In the middle of the night, V. was awakened by a clicking sound. She sat up in bed and saw someone, later found to be Beamon, crawling into her bedroom. V. screamed as loud as she could, and Beamon then jumped on top of her,

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

with his legs straddling her thighs. V. fought back against Beamon by trying to punch him and by moving around as much as possible while Beamon tried to cover her face with his hands. V. continued to scream, and Beamon told her multiple times to "shut up." Beamon also grabbed V.'s underpants multiple times and ripped them. When V. screamed the name of her male neighbor and cried for help, Beamon stopped the assault and left the apartment.

After Beamon left, V. noticed that the drawers in her kitchen were open, which is not how they were when she went to bed. Further, DNA testing of the strap on the purse that was hanging on V.'s bedroom doorknob showed "limited support for inclusion" of Beamon as a contributor to some of the DNA.[2]

The burglary in count 2 occurred on August 13, 2019. A woman awoke after 4:00 a.m. to find Beamon in her bedroom, unzipping her backpack. The woman got out of bed and then grabbed and shook Beamon, after which he fled.

The burglaries in count 5 and count 6 occurred on February 10, 2020, in two different residence halls on the University of San Diego campus. In the middle of the night, Beamon was seen on surveillance video inside one residence hall, after which he exited with a yellow bag. Later, around 5:00 a.m., someone saw Beamon sitting on a couch inside a different residence hall

---

[2]    "Limited support for inclusion" means that in analyzing how much more likely the DNA results are if a specific person is a contributor than if that person is not, it is "less than 100 times more likely that a person is a contributor." As the expert explained, in the case of the purse strap, it "is more likely to get these DNA results if [Beamon] is a contributor than if [he's] not, but [it] is not very much more likely."

with a large sack next to him.  Police responded and detained Beamon.  They found a yellow bag full of items stolen from the residence halls.

For the incident on March 16, 2020, Beamon was charged in count 1 with assault with the intent to commit rape or forcible penetration in the commission of a first degree burglary.  (§ 220, subd. (b).)  For the other incidents, Beamon was charged in counts 2, 5 and 6 with first degree burglary.  (§§ 459, 460, subd. (a).)[3]

In counts 2, 5 and 6, the jury found Beamon guilty of first degree burglary.  However, in count 1, instead of convicting Beamon of assault with the intent to commit rape or forcible penetration in the commission of a first degree burglary (§ 220, subd. (b)), the jury found Beamon guilty of two lesser included offenses.  Specifically, the jury convicted Beamon of simple assault (§ 240) and first degree burglary (§§ 459, 460, subd. (a)).

The trial court imposed a sentence of nine years four months.

## II.

## DISCUSSION

A.   *Section 654 Does Not Apply to the Simple Assault and the Burglary in Count 1*

Beamon first contends that the trial court should have applied section 654 to stay the punishment for either the simple assault or the burglary in count 1.

Section 654, subdivision (a) provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be

---

[3]   In counts 3 and 4, Beamon was charged with crimes arising out of another incident, but at the close of the People's evidence, the trial court entered a judgment of acquittal as to those counts pursuant to Beamon's motion brought under section 1118.1.

4

punished under more than one provision." (§ 654, subd. (a).) The statute "precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) "It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. [Citations.] . . . [I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once." (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) "Although the question of whether defendant harbored a 'single intent' within the meaning of section 654 is generally a factual one, the applicability of the statute to conceded facts is a question of law," which we review independently. (*Ibid.*)

The offense of burglary "requires an entry into a specified structure with the intent to commit theft or any felony." (*People v. Tafoya* (2007) 42 Cal.4th 147, 170 (*Tafoya*).) "When a defendant is convicted of burglary and the intended felony underlying the burglary, section 654 prohibits punishment for both crimes." (*People v. Islas* (2012) 210 Cal.App.4th 116, 130; see also *People v. Centers* (1999) 73 Cal.App.4th 84, 98, ["ordinarily, if the defendant commits both burglary and the underlying intended felony, . . . section 654 will permit punishment for one or the other but not for both," citation omitted].)

Beamon contends that he cannot be punished for both the burglary in count 1 and the simple assault that occurred during that burglary because, with respect to the burglary in count 1, "the prosecution alleged and the jury found true that [Beamon] committed the burglary with the intent to commit a sexual assault." Therefore, according to Beamon, section 654 precludes multiple punishment because the assaultive conduct that formed the factual

5

basis for the simple assault conviction was the same assaultive conduct that Beamon intended when he entered the apartment to commit burglary.

The argument fails because it is based on a flawed premise. As we will explain, both the jury instructions and the prosecutor's closing argument establish that the burglary conviction in count 1 was based on a finding that Beamon entered V.'s apartment with the intent to commit theft, not with the intent to commit an assault.

The crime charged in count 1 was assault with intent to commit rape or sexual penetration during first degree burglary. (§ 220, subd. (b).)[4] The jury was instructed regarding certain lesser included offenses to that crime. One of those was first degree burglary. The relevant jury instruction stated, "A lesser included offense of Count One, assault with intent to commit rape or sexual penetration during first degree burglary, is first degree Burglary, in violation of Penal Code sections 459 and 460. [¶] Please refer to Instruction #1700 for the definition of Burglary . . . ." In turn, the instruction on burglary, which was labeled "1700. BURGLARY," stated "To prove that the defendant is guilty of the crime of burglary, the People must prove that: [¶] 1. The defendant entered a building; [¶] 2. *When he entered a building, he*

---

[4]    Section 220, subdivision (b) applies when a person "in the commission of a burglary of the first degree . . . assaults another with intent to commit" any of the specified sex crimes. (§ 220, subd. (b).) Therefore, Beamon is mistaken in stating that a violation of this provision "requires proof that defendant entered with the specific intent to commit a sex offense." The plain language of the statute requires only that the sex offense occur during the burglary, not that the defendant's entry into the building was with the intent to commit the sex offense. (Cf. *People v. Dyser* (2012) 202 Cal.App.4th 1015, 1020 [describing the offense in § 220, subd. (b) as "assault with intent to commit rape *during* the commission of first degree burglary," italics added]; CALCRIM No. 890 [for a conviction under § 220, subd. (b), requiring a finding that "[w]hen the defendant acted, (he/she) was committing a first degree burglary"].)

*intended to commit theft.* [¶] AND [¶] 3. The structure that the defendant entered was a noncommercial establishment. [¶] . . . [¶] *A burglary was committed if the defendant entered with the intent to commit theft.*" (Italics added.)

Therefore, based on the instructions, by finding in count 1 that Beamon committed the lesser included offense of first degree burglary, the jury necessarily found that Beamon entered V.'s apartment with the intent to commit theft. The jury was not asked to decide whether Beamon entered with the intent to commit an assault. Although the jury *also* found that Beamon committed assault *while in the apartment*, that additional finding does not negate the fact that the jury was instructed to return a burglary verdict *only* if it found that Beamon entered V.'s apartment with the intent to commit theft.

Consistent with the identification of theft as the target crime in the jury instruction on burglary, the prosecutor's closing argument also identified theft as the target crime. Regarding count 1, the prosecutor argued, "This is a first degree burglary. He went in with the intent to steal. He went in unlawfully, and he went into a home. That is a first degree burglary. So he is guilty of that, and he is guilty of assault to commit rape or assault to commit sexual penetration during the first degree burglary. That is exactly what his motivation and his actions show us, and we know through the circumstantial evidence that is what is there and that is what he did." Further, as the prosecutor described, "Although he entered with the intent to steal because that's what he does, it changed. It changed when he saw her, and it probably excited him. It excited him when she started yelling and screaming right away. He didn't retreat. He didn't make efforts to stop. He went the opposite."

7

Accordingly, based both on the jury instructions and on the theory of the case that the prosecutor presented to the jury, the burglary conviction in count 1 was based on entry into V.'s apartment with the intent to commit theft, not with the intent to commit an assault. Because the burglary and the assault were committed with different intents and objectives, section 654 does not preclude punishment for both the burglary in count 1 and crime of simple assault that was committed during that burglary.

B. *Substantial Evidence Supports a Finding That Beamon Entered V.'s Apartment With the Intent to Commit Theft or a Felony*

In a supplemental opening brief, Beamon challenges the sufficiency of the evidence to support an element of the burglary conviction in count 1, namely, that he entered V.'s apartment with the intent to commit a theft or any felony. On that basis, he seeks reversal of the burglary conviction in count 1.

One necessary element for a burglary conviction is a finding that the defendant entered "with the intent to commit *theft* or any *felony*." (*Tafoya, supra*, 42 Cal.4th at p. 170, italics added; see also § 459 [the crime of burglary requires entry "with intent to commit grand or petit larceny or any felony"].) Here, reflecting the same misconception as in the argument we have discussed above, Beamon asserts that "in count one, the prosecution alleged that [Beamon] committed a first degree residential burglary when he entered [V.'s] apartment *with the intent to commit an assault by rape or sexual penetration . . . .*" (Italics added.) As Beamon understands the verdict on the burglary in count 1, the jury rejected the theory that he entered with the intent to commit a felony sexual assault, and instead the jury "found he entered [V.'s] apartment . . . *with the intent to commit a misdemeanor simple assault.*" (Italics added.) Beamon concludes, "because the jury found [Beamon] entered with the intent to commit a *misdemeanor* assault offense,

8

there is insufficient evidence to sustain a burglary conviction in count one" (italics added), as burglary requires the intent to commit *theft* or a *felony*, not a non-theft misdemeanor.

The argument fails because, as we have explained, the jury instructions, consistent with the prosecutor's closing argument, establishes that, for the burglary conviction in count 1, the jury found that Beamon entered V.'s apartment *with the intent to commit theft.* Entry with the intent to commit theft is a valid basis for a burglary conviction. (*Tafoya, supra,* 42 Cal.4th at p. 170.) The record does not support Beamon's assertion that the jury based its burglary conviction in count 1 on a finding that Beamon entered the apartment with the intent to commit simple assault.

Further, although Beamon does not expressly develop an argument that the evidence presented at trial was insufficient to support a finding that he entered V.'s apartment with the intent to commit theft, the argument heading in Beamon's brief asserts that "there is insufficient evidence that [Beamon] entered [V.'s] apartment with the intent to commit a theft or felony offense." (Capitalization omitted.) We could treat the contention as forfeited, as it is undeveloped. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited."].) However, exercising our discretion to reach the issue, we conclude it is without merit.

" ' "In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we 'examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty

9

beyond a reasonable doubt.' [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶]. . . .'[I]f the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding." ' " (*People v. Ramirez* (2022) 13 Cal.5th 997, 1117–1118.)

A defendant's "intent must usually be inferred from all of the facts and circumstances disclosed by the evidence, rarely being directly provable." (*People v. Matson* (1974) 13 Cal.3d 35, 41.) Here, the jury was presented with evidence that could reasonably support a finding that Beamon entered V.'s apartment with an intent to commit theft. For one thing, the jury heard evidence about three other burglaries committed by Beamon where the facts showed that he entered the buildings with the intent to steal something in the middle of the night. Specifically, during the burglary on August 13, 2019, Beamon was observed unzipping a backpack, and during the two burglaries on February 10, 2020, Beamon took items from the residence halls. The jury could reasonably infer that Beamon had the same intent when he entered V.'s apartment. In addition, evidence in V.'s apartment suggested that Beamon attempted to steal something. Specifically, Beamon had opened up kitchen drawers, as if looking for something to take, and DNA that could have come from Beamon was found on V.'s purse, suggesting that he may have been looking inside V.'s purse. These facts, taken together, support a reasonable inference that Beamon entered V.'s apartment with the intent to commit theft.

## DISPOSITION

The judgment is affirmed.

IRION, Acting P. J.

WE CONCUR:

DATO, J.

RUBIN, J.

11